# IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI

Tondee Clincy and others similarly situated     **PLAINTIFF;**

v.     Case No. 19-717

Hinds County School District

    **DEFENDANT.**

**(JURY TRIAL DEMANDED)**

## COMPLAINT

This is an overtime collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* Plaintiff Tondee Clincy and others like her were suffered or permitted to work off the clock, and were routinely deprived of pay to which they were entitled, including overtime. In support thereof, COMES NOW THE PLAINTIFF, by and through her attorney, and alleges as follows:

### JURISDICTION, JURY TRIAL, STATUTE OF LIMITATIONS

1. This is a "state court of competent jurisdiction" under 29 U.S.C. § 216(b) and the amount in controversy exceeds $200 pursuant to Miss. Code Ann. § 9-7-81.
2. Plaintiff hereby demands trial by jury on all issues so triable.
3. This case concerns events within the time periods specified in 29 U.S.C. § 255.

### PARTIES

4. Defendant Hinds County School District, is a public school district organized under the Mississippi Uniform School Law, Miss. Code § 37-6-5.
5. Plaintiff Tondee Clincy is an adult resident of Mississippi, and a former employee of HCSD. She did bookkeeping.



Page 1 of 7

6. Plaintiff is representative of the collective group of all non-exempt employees of the Defendant who performed work within the three calendar years preceding the date of this Complaint. (Hereinafter, "Plaintiffs")

## FACTS

### BACKGROUND

7. HCSD is the current or former employer of the Plaintiffs at issue in this lawsuit.

8. HCSD is subject to the FLSA.

9. HCSD is not an "arm of the state" and lacks sovereign immunity. *See Black v. North Panola School Dist.*, 461 F. 3d 584 (5th Cir. 2006).

10. Plaintiffs were all subject to substantially identical pay policies and practices as described herein, and as stated in HCSD policy GCRAA.

11. The applicable FLSA workweek at HCSD "begins 12:01 AM each Saturday and ends at 12:00 midnight each Friday." HCSD policy GCRAA.

12. Plaintiffs are employees as defined in Section 3(e) of the FLSA.

13. Plaintiffs were not exempted from minimum wage or overtime by any law or regulation.

14. Plaintiffs are hired pursuant to terms agreed in advance of the work being performed, and specifically approved by the Board of HCSD.

15. Although Plaintiffs are "at will," HCSD is contractually obligated to pay them for the work they actually perform under the terms approved by the Board of HCSD in advance.

### FAILURE TO PAY MINIMUM WAGES AND OVERTIME

16. Defendant keeps an electronic time clock system.

17. Plaintiffs clock in and out of work at their worksite.

18. Defendant does not always pay Plaintiffs for the time they work, as reflected on their time clock.

19. For example, in the workweek beginning Saturday January 21, 2017, Plaintiff Tondee Clincy was paid for 40 hours of work.

20. For the workweek beginning Saturday January 21, 2017, Plaintiff Tondee Clincy's clock reflects 41 hours worked:

    a. Monday January 23, 2017: 7:47 AM to 4:03 PM => Total 8.27
    b. Tuesday January 24, 2017: 7:55 AM to 4:04 PM => Total 8.15
    c. Wednesday January 25, 2017: 8:00 AM to 4:04 PM => Total 8.07
    d. Thursday January 26, 2017: 7:43 AM to 4:02 PM => Total 8.32
    e. Friday January 27, 2017: 7:45 AM to 3:57 PM => Total 8.20

21. Defendants therefore unlawfully failed to pay Plaintiff Tondee Clincy 1 hour of overtime that she worked in the week beginning Saturday January 21, 2017.

22. As another example, in the workweek beginning Saturday May 19, 2018, Plaintiff Tondee Clincy was paid for 40 hours of work.

23. For the workweek beginning Saturday May 19, 2018, Plaintiff Tondee Clincy's clock reflects 40.7 hours worked:

    a. Monday May 21, 2018: 7:37 AM to 4:02 PM => Total 8.42
    b. Tuesday May 22, 2018: 8:05 AM to 4:27 PM => Total 8.37
    c. Wednesday May 23, 2018: 8:10 AM to 4:09 PM => Total 7.98

    d. Thursday May 24, 2018: 8:18 AM to 4:14 PM => Total 7.93

    e. Friday May 25, 2018: 8:00 AM to 4:00 pm => Total 8

24. Defendants therefore unlawfully failed to pay Plaintiff Tondee Clincy 0.7 hours of overtime that she worked in the week beginning Saturday May 19, 2018.

25. As another example, in the workweek beginning Saturday August 4, 2018, Plaintiff Tondee Clincy was paid for 39.97 hours of work.

26. For the workweek beginning Saturday August 4, 2018, Plaintiff Tondee Clincy's clock reflects 40.63 hours worked:

    a. Monday August 6, 2018: 8:01 AM to 3:59 PM => Total 7.97

    b. Tuesday August 7, 2018: 7:43 AM to 4:11 PM => Total 8.47

    c. Wednesday August 8, 2018: 8:01 AM to 4:04 PM => Total 8.05

    d. Thursday August 9, 2018: 8:02 AM to 4:10 PM => Total 8.13

    e. Friday August 10, 2018: 8:00 AM to 4:01 PM => Total 8.02

27. Defendants therefore unlawfully failed to pay Plaintiff Tondee Clincy 0.63 hours of overtime that she worked in the week beginning Saturday August 4, 2018.

28. These facts are only exemplary of other similar violations concerning Tondee Clincy and the other Plaintiffs in the class.

29. In addition to failing to pay for the time on the clock, Defendant also failed to pay Plaintiffs for time they were suffered or permitted to work "off the clock."

30. For example, Defendant required one or more Plaintiffs to remain after their work hours were completed to stay with a student who had not yet been picked up by a parent.

31. However, the Plaintiffs were not permitted to clock this time.

32. Thus, the Plaintiff's punched out, while remaining on the worksite working for HCSD by minding the child.

33. These facts are also only exemplary of other similar "off the clock" violations concerning the Plaintiffs in the class.

## CAUSES OF ACTION

### COUNT 1: Unpaid overtime

34. Plaintiffs incorporate all allegations set forth in all other sections of this complaint.

35. Plaintiffs are employees and former employees protected by the overtime provisions of the FLSA.

36. Under 29 U.S.C. § 207, overtime of one and one-half times the regular rate must be paid for hours worked in excess of 40 in a given work week.

37. Defendant failed to pay overtime as required by the FLSA.

38. Defendant required Plaintiffs to work overtime without any compensation.

39. Defendants' violations were willful.

40. Plaintiffs seek the full remedies provided by 29 U.S.C. § 216, including damages in the amount of their unpaid wages, liquidated damages, interest as applicable, and such other legal and equitable relief as may be proper.

41. Plaintiffs seek recovery of attorney's fees and costs under 29 U.S.C. § 216 and other applicable provisions of law and equity.

### COUNT 2: Breach of Contract

42. Plaintiffs incorporate all allegations set forth in all other sections of this complaint.

43. Plaintiffs are entitled to be paid according to the terms of their employment as agreed in advance, with specific approval by the Board of HCSD.

44. By failing to pay Plaintiffs for time worked and overtime as agreed and manifested in Board policy, Defendant breached its contractual obligations to the Plaintiffs.

45. Plaintiffs seek all available damages for breach of contract.

**PRAYER FOR RELIEF**

46. WHEREFORE, Plaintiffs request that this Court award Plaintiffs all available equitable and legal relief, including the following:

    a. Declare that the conduct complained of is unlawful and enter an injunction;

    b. Require Defendant to post a notice in the workplace that the policies and procedures at issue were found unlawful by this Court;

    c. Require Defendant to pay Plaintiffs wages owed under Sections 7 of the FLSA, and an equal amount in liquidated damages;

    d. Require Defendants to pay Plaintiffs all amounts owed in breach of contract, including consequential and compensatory damages as applicable;

    e. Award Plaintiffs reasonable attorney's fees and costs of this action;

    f. Award Plaintiffs interest on damages at the legal rate as appropriate, including pre- and post-judgment interest; and

    g. Grant any further relief that the Court deems just and proper.

The foregoing Complaint is respectfully submitted on behalf of Plaintiffs by and through counsel:

_____  Date: 10-15-19

Joel F. Dillard, Esq. (MS Bar 104202)
Joel F. Dillard, PA
775 N. Congress St.
Jackson MS 39202
Ph: 601-487-7369
Email: joel@joeldillard.com