# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**Tondee Clincy, Trina D. Shelton, Lashonda**     **PLAINTIFFS;**
**Whavers, and others similarly situated**

**v.**     **No. 3:20-cv-4-HTW-LGI**

**Hinds County School District**     **DEFENDANT**

## JOINT MOTION TO APPROVE SETTLEMENT

Come now the parties and jointly move that their settlement of the above captioned FLSA wage-and-hour case be approved by the Court. An ore tenus motion to that effect has been pending for some months now, and this written motion is being filed to further explain the basis for the ore tenus motion and encourage a final resolution of this case. In support thereof, the parties state as follows:

### FACTS

The Complaint alleges that the Hinds County School District paid certain hourly employees covered by the FLSA for fewer hours than they worked.

The first matter to be resolved was the claim of Plaintiff Tondee Clincy. These claims were resolved by an offer of judgment which was accepted, with notice of acceptance filed with the Court on February 17, 2020. This accepted offer paid Plaintiff Clincy the full amount she was owed in backwages plus doubling in liquidated damages and pro-rata attorney fees at the agreed rate accrued to date. See Exhibit 1, Acceptance of Offer of Judgment

On July 23, 2020, the parties provided by email to chambers orders which would finalize this agreed judgment. To date, no action has been taken by the Court on this.

Concerning the remaining plaintiffs, the claims had two components: (1) An FSLA claim - certain of these hours were captured on the time clock system and not paid (hereinafter "clocked claims"), and (2) A non-FLSA claim - other hours were worked completely "off the clock." As to the first type of claim - the "clocked claims" - the matter was investigated in discovery and the parties were able to identify how much time was allegedly worked on the clock and not paid by reviewing the time and pay records. As to Plaintiffs who established alleged clocked claims, Defendants made offers of judgment which would pay the full amount of the purported clocked claims plus liquidated damages and attorney fees at the agreed rate.

As to the second type of claim - the "off-the-clock claims" - in discovery each Plaintiff estimated in good faith how much time was worked off the clock. Defendants investigated the off-the-clock claims and took the position in good faith, based on the evidence, that none of them had merit and that even the arguable claims were likely overstated.

In Summer and Fall of 2020, settlement negotiations were conducted over many days and weeks in a series of telephonic conferences with Magistrate Judge Linda Anderson. All the parties were represented by counsel and negotiated hard concerning the disputed off-the-clock claims.

In the end, the parties reached a settlement in which each Plaintiff who was eligible would receive the full amount of the clocked claims plus liquidated damages. Exhibit 3 is a listing of each Plaintiffs' settlement amounts as to their FLSA claims. The parties also reached a settlement as to the claims of Plaintiffs who alleged estimated (and disputed) off-the-clock claims. The parties also agreed on reasonable hourly attorney fees based on the time worked by Plaintiff's counsel. The parties also agreed to release all other non-wage-and-hour claims. The off the clock claims are resolved confidentially since those are not FLSA claims. Some Plaintiffs negotiated a settlement for their off the clock claims and agreed they were not entitled to compensation under the FLSA and released their FLSA claims. That group of Plaintiffs is listed on Exhibit 2.

The parties provided proposed orders approving this settlement by email to chambers on April 5, 2021. Plaintiff Clincy's claim was resolved through the offer of judgment as referenced earlier.

### Discussion

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C. § 216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances, generally are not subject to bargaining, waiver, or modification by contract or private settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The

two limited circumstances in which FLSA claims may be compromised are (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. § 216(c) or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Bodie v. TXL Mortg. Corp.*, 788 F. 3d 159, 164 – 165 (5th Cir. 2015); *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). Courts, relying on the reasoning in Lynn's Food Stores, Inc., require the settlement reached be a fair and reasonable resolution of a bona fide dispute over FLSA provisions rather than a waiver of statutory rights brought by an employer's overreaching. *Johnson v. New Season*, 2019 U.S. Dist. LEXIS 204200 at 3 (N.D. Miss. 2019) (citations omitted). In *Martin v. Spring Break '83 Products, LLC*, 688 F. 3d 247 (5th Cir. 2012), the Fifth Circuit set out that when parties seek approval of a settlement, the Lynn's Food Stores standard governs. *Johnson*, 2019 U.S. Dist. LEXIS 204200 at 3-4.

Under *Lynn's Food Stores*, a district court, when reviewing a proposed settlement of an FLSA claim, must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F. 2d. at 1353, 1355. Lynn's Food Stores established four (4) factors a district court should examine when determining whether to approve an FLSA settlement: 1) was the settlement achieved in an adversarial context? 2) was the Plaintiff represented by attorneys who can protect her rights? 3)

does the settlement reflect a reasonable compromise over issues that are actually in dispute? 4) is the settlement fair? *Id.* at 1353-54. All four factors are met here.

### 1. Adversarial context

The settlement was reached in the context of a fiercely contested mediation in which a highly experienced Magistrate Judge presided. When impasses were reached or additional information was needed, the parties adjourned and reconvened. This was an adversarial and fully negotiated settlement.

### 2. Attorney representation

Plaintiffs were represented by Joel Dillard, an attorney with experience in this Court winning a number of similar wage-and-hour cases, and with prior experience as a litigator for the federal government under the National Labor Relations Act. Plaintiffs were competently represented by counsel.

### 3. Reasonable compromise of actual dispute

There was an actual dispute concerning the off-the-clock claims, many of which were supported only by the Plaintiffs' statements to Plaintiffs' counsel estimating the time he or she worked. The Defendant investigated and concluded in good faith that the claims were meritless or, at best, overstated. This was a compromise of an actual dispute.

### 4. Fairness

The settlement in this case pays every dollar owed for clocked time, as well as liquidated damages. It also pays a negotiated amount of the Plaintiffs' original good

faith estimates of the off-the-clock time worked, which represents a very fair resolution of claims which a jury may or may not have believed. All of this is provided free and clear of attorney fees, which are paid separately for time actually worked at a reasonable hourly rate. The settlement is fair.

/s/Joel Dillard_____   Date: August 10, 2021
Joel Dillard (MSB 104202)
775 N. Congress St.
Jackson MS 39202
Tel: 601-509-1372
joel@joeldillard.com
*Counsel for Plaintiff*


/s/Elizabeth Lee Maron Date: August 10, 2021
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, MS 39157
TEL:  601-292-0719
FAX:  601-355-9708
Elizabeth.maron@arlaw.com
Attorney for the Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on the date signed below, the foregoing document was served via ECF on all counsel of record.

Elizabeth Lee Maron
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, MS 39157
TEL:  601-292-0719
FAX:   601-355-9708
Elizabeth.maron@arlaw.com
*Attorney for the Defendant*


*/s/Joel Dillard*       Date:  August 10, 2021
Joel Dillard