**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**TONDEE CLINCY AND OTHERS
SIMILARLY SITUATED**                                                                        **PLAINTIFFS**

**Vs.**                                                     **CAUSE NO. 3:20-CV-00004-HTW-LGI**

**HINDS COUNTY SCHOOL DISTRICT**                                      **DEFENDANT**

### AGREED ORDER OF DISMISSAL WITH PREJUDICE

Plaintiffs and Defendant Hinds County School District ("the District") submit the following Agreed Order and move *ore tenus* for this Court to approve their negotiated settlement of Clincy's claims in this lawsuit. Magistrate Judge Linda Anderson presided over multiple settlement conferences, continued from day to day over time, that ultimately resulted in this settlement agreement. The parties view the proposed settlement as a fair and reasonable compromise struck to avoid the risks, inconveniences, delays, and costs that will result from further litigation. The parties reached the deal through arms-length negotiations. Having reviewed the pleadings in this matter, along with the District's Offer of Judgment and Plaintiffs acceptances of those offers, the Court finds as follows:

The Hinds County School District provides educational services to students in Hinds County, Mississippi. In order to provide those services, the District employs clerical staff, cafeteria employees, maintenance staff, and others who are paid on an hourly basis. The parties sharply dispute whether any Plaintiff or anyone else ever questioned the District's non-payment of certain overtime before October 2019 when Tondee Clincy's counsel filed the initial complaint.[1]

---

[1] Plaintiff Clincy previously reached a settlement and the parties ore tenus motion for approval of that settlement is pending before this Court.

Clincy filed this lawsuit on October 21, 2019 [Doc.1], but it was not served until December 5, 2019. Clincy amended her Complaint on January 10, 2020. [Doc. 5]. The Amended Complaint generally asserts a violation of the Fair Labor Standards Act's ("FLSA") overtime pay requirement as well as claims for breach of contract and retaliation. [Doc. 5, ¶¶ 51-70]. The District has asserted affirmative defenses to these claims and denies all liability, specifically any willful actions, and asserted that its actions were in "good faith" such that Plaintiffs could not establish liability for liquidated damages in the event it is found liable to Plaintiffs, all of which Plaintiffs dispute. Both Plaintiffs and Defendant, therefore, face uncertainty and risk if this case proceeds to trial.

There are three groups of Plaintiffs. 1) Plaintiffs that have FLSA claims that require court approval; 2) Plaintiffs that have FLSA claims that require Court approval and have other claims, the "other claims" which do not require court approval; and 3) Plaintiffs that have only "other claims" that do not require court approval. The purpose of this order is this Court's review and approval of any FLSA claim payments which the parties are identifying on Exhibit 1 and dismiss all the claims with prejudice, including both FLSA and non-FLSA claims.

The District proposes to pay these FLSA Plaintiffs certain amounts in alleged overtime pay (less customary payroll taxes) as specified in the chart attached as Exhibit 1 and an equal amount is alleged liquidated damages (no taxes deducted). As to any remaining non-FLSA claims, the District is resolving those claims confidentially, since it is only FLSA claims that require this Court's review and approval. Those non-FLSA Plaintiffs are identified on Exhibit 2 to this Order. The settlement includes providing Plaintiffs' counsel $13,442.00 in attorneys' fees, costs, and litigation expenses. The proposed FLSA payments to the FLSA Plaintiffs represent 100% of the amount the FLSA Plaintiffs potentially could have recovered as damages for the

two-year period before filing or opting in to the lawsuit. The payments to Plaintiffs' counsel for attorneys' fees, costs, and litigation expenses are based on an hourly rate of $300. This rate was a compromise reached by the parties based upon an initial request from Plaintiff's counsel of $350 per hour and case law showing Plaintiff's counsel was awarded $260/hour in 2017 and $280/hour in March 2019 for attorney's fees in similar cases and is a compromise rate. The District/District's counsel will mail all checks to Joel Dillard P.A. to hold in trust until entry of this Court's order approving the settlement and dismissing the Plaintiffs with prejudice.

The settlement is intended to be a compromise of disputed claims and is not to be deemed an admission of fault or liability by the District. The settlement is intended to be a total resolution and complete satisfaction of any and all claims and allegations by Plaintiffs, including any claims for overtime pay and retaliation under the FLSA and for breach of contract against the District. This includes both known and/or unknown claims (as of the date each Plaintiff signs his or her separate Release) which are or could have been asserted in this action. If the settlement is approved, the Plaintiffs consent to dismissal of this lawsuit with prejudice.

When reviewing a proposed settlement of an FLSA claim, a district court must evaluate whether it is a fair and reasonable resolution of a *bona fide* dispute. *Jarrard v. Southeastern Shipbuilding Corporation*, 163 F.2d 960, 961 (5th Cir. 1947). Where experienced attorneys representing interested parties have negotiated the settlement at arm's length, a strong presumption exists that the compromise is fair and reasonable. *United States v. Tex. Educ. Agency,* 679 F.2d 1104, 1108 (5th Cir. 1982).

For the foregoing reasons, the Court finds the parties' settlement is both premised on a *bona fide* dispute and are fair and reasonable.

Further, Plaintiffs represent that they have accepted confidential settlement amounts for dismissal of all other non-FLSA claims, in addition to the claims settled by the enumerated amounts as to specific FLSA Plaintiffs listed on Exhibit 1.

Accordingly;

IT IS ORDERED that the joint *ore tenus* motion of the parties to approve the settlement between the District and the above named Plaintiffs is GRANTED, and the terms of the parties' settlement are APPROVED.

IT IS FURTHER ORDERED that this settlement is deemed a total resolution and complete satisfaction of any and all claims and allegations, both known and unknown, by Plaintiffs under the Fair Labor Standards Act, or for breach of contract, retaliation, or any other cause of action against the District which are or could have been asserted in this action as of the date this order is entered.

IT IS FURTHER ORDERED that Plaintiffs' claims against the District are hereby dismissed from this action with prejudice.

SO ORDERED, this the 11th day of August, 2021.

/s/HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE